UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| TONY L. HOLLIS | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:01-cv-448 |
| | ) | (3:00-cr-12) |
| | ) | *Jordan* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Tony L. Hollis ("Hollis"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I.     Standard of Review

This court must vacate and set aside Hollis' conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Hollis "must show a 'fundamental defect which inherently results in a complete miscarriage of

justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

If it plainly appears from the face of the motion, the annexed exhibits and the prior proceedings in the case that Hollis is not entitled to relief in this court, the action should be summarily dismissed; an evidentiary hearing is not required. Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986); *Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983).

II.   Factual Background

Hollis was indicted for possession with intent to distribute a mixture and substance containing a detectable amount of cocaine base. He pleaded guilty to a superseding indictment charging him with possession with intent to distribute approximately 26.5 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(iii). He was sentenced to a term of imprisonment of 262 months. The enhanced sentence was based upon Hollis' prior felony drug conviction, as set forth in the 21 U.S.C. § 851 Information filed by the government.

2

In support of his § 2255 motion, Hollis alleges that the enhancement of his sentence was invalid because the indictment did not charge the prior felony drug conviction, nor was the prior felony drug conviction established beyond a reasonable doubt. Hollis relies on the U.S. Supreme Court decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to support his contention.

III.  Discussion

In *Apprendi*, the U.S. Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." *Id*. at 490. In federal prosecutions, such facts must also be charged in the indictment. *Id*. at 476 (citing *Jones v. United States*, 526 U.S. 227, 243 n.6 (1999)). The exception for the fact of a prior conviction was an acknowledgment of the Court's prior decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), that a penalty provision, which authorizes an enhanced sentence based upon a prior conviction, does not create a separate crime and thus does not have to be charged in the indictment.

Hollis admits that, under current law, the fact of a prior conviction does not have to be charged in the indictment or submitted to a jury. He refers to *United States v. Gatewood*, 230 F.3d 186 (6th Cir. 2000), in which the Sixth Circuit noted that, "although the Court's decision in *Apprendi* arguably casts doubt on the correctness of the holding in *Almendarez-*

3

*Torres*, *Almendarez-Torrez* remains the law." *Id*. at 192. Hollis states, however, that he wishes to preserve the issue in his case for Supreme Court review. He pins his hopes on the opinions of the concurring justices in *Almendarez-Torrez* and the dissenting justices in *Apprendi*, and contends that the majority's rationale in *Apprendi* should likewise apply to the use of prior convictions to enhance sentences. Hollis' argument lacks merit under existing law and thus he is not entitled to relief on his claim.

IV.   Conclusion

Hollis is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan  
United States District Judge